ALD-021                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1797

_____

JOHN CHARLES KENNEY,

Appellant

v.

WARDEN LEWISBURG USP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:13-cv-2743)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 30, 2014

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed:  November 17, 2014)

_____

O P I N I O N*

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM:**

John Charles Kenney, a federal inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

In his habeas petition, Kenney challenged the Bureau of Prisons' March 2013 decision to transfer him to the Special Management Unit ("SMU") at USP Lewisburg from a different federal facility. Kenney argued that his transfer to the SMU violated his due process rights, and that he did not meet the criteria for placement in the SMU. He further claimed that Program Statement 5217.01, the basis for his placement, was promulgated in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 553.

The matter was referred to a Magistrate Judge, who concluded that Kenney's claims were not cognizable in a habeas petition because they did not concern the validity, duration, or execution of his conviction and sentence. The Magistrate Judge also noted that even if Kenney had raised his allegations in a civil rights action, he would be unlikely to prevail.[1] He explained that, based on the allegations, Kenney's placement in the SMU did not implicate his due process rights because no liberty interest had been triggered by such a transfer. See Sandin v. Conner, 515 U.S. 472, 486 (1995) (holding

---

[1] Such an action would have been brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the analogue for 42 U.S.C. §1983 for claims against federal defendants.

that routine transfers to administrative segregation do not impinge on liberty interests protected by the due process clause unless the conditions in administrative segregation present an atypical and significant hardship in relation to the ordinary incidents of prison life).

Kenney filed objections to the Magistrate Judge's report and recommendation, arguing primarily that his due process rights had been violated because he had experienced atypical and significant hardship while confined in the SMU. He also submitted an affidavit alleging that, since arriving at the SMU, he has been deprived of medical treatment from a qualified doctor capable of treating his serious mental condition. Thereafter, the District Court directed the defendant to respond to Kenney's habeas petition as well as his objections to the Magistrate Judge's report and recommendation. The defendant filed a response, arguing that Kenney's petition should be dismissed for lack of jurisdiction because, as the magistrate judge determined, his claims did not sound in habeas. The defendant further argued that even if § 2241 was the proper vehicle for bringing Kenney's claims, they lacked merit. Overruling Kenney's objections, the District Court adopted the Magistrate Judge's recommendation and dismissed the petition. The District Court agreed that that Kenney's claims were not orgnizable in a § 2241 petition.[2] After the District Court denied Kenney's motion for reconsideration, he timely appealed.

---

[2] The District Court also appeared to agree with the Magistrate Judge's assessment that even if Kenney had presented his allegations in a civil rights action, they did not suggest that his placement in the SMU constituted a dramatic departure from the accepted standards for conditions of confinement such that due process was implicated.

We have jurisdiction under 28 U.S.C. §§ 1291 & 2253(a). We review *de novo* the District Court's dismissal of the habeas corpus petition on jurisdictional grounds. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002). We may summarily affirm a judgment of the District Court if the appeal does not raise a substantial question. See 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court correctly determined that Kenney's § 2241 petition does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas." Preiser v. Rodriguez, 411 U.S. 475, 484, 484 (1973). We have held that § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution of his sentence*." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). While the "precise meaning of 'execution of the sentence' is hazy," id. at 242, we have defined execution to mean "put into effect" or "carry out," id. at 243 (citation omitted). "[T]o challenge the execution of his sentence under § 2241, [an inmate] would need to allege that [the Bureau of Prison's] conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Kenney has failed to do so here, as he has not alleged that his placement in the SMU was inconsistent with any express command or recommendation in his sentencing judgment. See id. Accordingly, we agree with the

4

District Court that Kenney's confinement in the SMU does not give rise to a habeas claim.[3]

We also discern no abuse of discretion in the District Court's order denying Kenney's request for reconsideration. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 677 (citation and quotation marks omitted). In his motion, Kenney presented the same arguments that the District Court had previously rejected; the District Court properly refused to allow Kenney to relitigate issues that it had already decided. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Accordingly, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's orders dismissing Kenney's habeas petition and denying his motion for reconsideration.

---

[3] Because we affirm the dismissal of Kenney's § 2241 petition on grounds that the District Court lacked jurisdiction to consider it, we need not address whether the complaint, even if construed as a civil rights action, failed to state a constitutional claim. Although the District Court also opined that Kenney's allegations failed to state a cognizable due process claim, we deem the District Court's dismissal of Kenney petition as one without prejudice to his right to pursue his claims in a civil rights action pursuant to Bivens. We express no opinion as to the merits of such an action.